**No. 25-11185**

# United States Court of Appeals for the Fifth Circuit

IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., *Debtor*,

NEXPOINT REAL ESTATE PARTNERS, LLC (F/K/A HCRE PARTNERS, LLC)
*Appellant*,

v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,
*Appellee*.

On Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
Case No. 3:24-cv-01479-S

## PETITION FOR PANEL REHEARING


Amy L. Ruhland
Benjamin L. Bernell
PILLSBURY WINTHROP SHAW PITTMAN LLP
Texas Bar No. 24043561
amy.ruhland@pillsburylaw.com
Texas Bar No. 24059451
ben.bernell@pillsburylaw.com
401 W. 4th St., Suite 3200
Austin, Texas 78701
Tel.: (512) 580-9600

Michael Burrage
WHITTEN BURRAGE
mburrage@whittenburragelaw.com
512 N. Broadway Ave., Suite 300
Oklahoma City, OK 73102
Tel.: (405) 516-7800

*Counsel for Appellant NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC)*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies the following people have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate their possible recusal or disqualification:

Appellant:
NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC

Counsel for Appellant in the Fifth Circuit:
Amy L. Ruhland
Benjamin L. Bernell
Pillsbury Winthrop Shaw Pittman LLP

Michael Burrage
Whitten Burrage

Counsel for Appellant in the District Court proceedings:
Amy L. Ruhland
Pillsbury Winthrop Shaw Pittman LLP
Charles W. Gameros Jr.
Douglas Wade Carvell
Hoge & Gameros, LLP

Appellee:
Highland Capital Management, L.P.

Counsel for Appellee:
John A. Morris
Jeffrey N. Pomerantz
Gregory V. Demo
Jordan A. Kroop
Hayley R. Winograd
Pachulski Stang Ziehl & Jones LLP
Zachery Z. Annable
Melissa S. Hayward
Hayward PLLC

/s/ *Amy L. Ruhland*
*Amy L. Ruhland*
Counsel of Record for Appellant

**TABLE OF CONTENTS**

**Page**


CERTIFICATE OF INTERESTED PERSONS .......... i

TABLE OF AUTHORITIES .......... iv

ISSUES PRESENTED ON REHEARING .......... vi

I. INTRODUCTION .......... 1

II. STATEMENT OF PROCEEDINGS .......... 3

III. ARGUMENT .......... 6

A. Panel rehearing is necessary to restore this Court's clear-and-convincing threshold for inherent-power sanctions .......... 6

1. An individual's "likely knowing" cannot establish subjective bad faith of an entity "without hesitancy." .......... 7

2. The Opinion does not address the entity-level investigation that defeats an inference of bad faith. .......... 10

3. The Opinion did not probe the record under the required standard. .......... 12

B. The Opinion's award of fees for litigation after HCRE sought to withdraw its claim conflicts with *Goodyear* and *Highland III*. .......... 17

IV. CONCLUSION .......... 20

CERTIFICATE OF SERVICE .......... 22

CERTIFICATE OF COMPLIANCE .......... 22

## TABLE OF AUTHORITIES

**Page**

Cases

*Amlong & Amlong, P.A. v. Denny's, Inc.*,
500 F.3d 1230 (11th Cir. 2007) .......... 10

*BDT Prods., Inc. v. Lexmark Int'l, Inc.*,
602 F.3d 742 (6th Cir. 2010) .......... 10

*Cadle Co. v. Moore (In re Moore)*,
739 F.3d 724 (5th Cir. 2014) .......... 1, 2, 9, 10

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) .......... 6

*Charitable DAF Fund, L.P. v. Highland Capital Management, L.P.*,
98 F.4th 170 (5th Cir. 2024) .......... 17, 20

*Crowe v. Smith (Crowe I)*,
151 F.3d 217 (5th Cir. 1998) .......... 7, 11, 16

*Crowe v. Smith (Crowe II)*,
261 F.3d 558 (5th Cir. 2001) .......... 1, 7, 11

*Derr v. Swarek*,
766 F.3d 430 (5th Cir. 2014) .......... 18

*Goodyear Tire & Rubber Co. v. Haeger*,
581 U.S. 101 (2017) .......... 1, 17, 18, 19, 20

*In re Moore*,
739 F.3d at 729–33 .......... 2, 7, 9, 11

*Maguire Oil Co. v. City of Houston*,
143 F.3d 205 (5th Cir. 1998) .......... 9, 10

*United States v. Kellogg (In re West Texas Marketing Corp.)*,
12 F.3d 497 (5th Cir. 1994) .......... 18

*Vikas WSP, Ltd. v. Economy Mud Products Co.*,
23 F.4th 442 (5th Cir. 2022) .................................................. 6, 8, 9, 10

Rules and Regulations

Bankruptcy Rules
Rule 3006(b) .......................................................................................... 18

## ISSUES PRESENTED ON REHEARING

I. Did the panel improperly find clear and convincing evidence of HCRE's bad faith when it misconstrued the record and concluded that one HCRE officer "likely" knew the proof of claim was false, without addressing evidence that HCRE's other officer, in-house counsel, and outside bankruptcy counsel investigated and prepared the qualified claim?

II. Did the panel improperly shift all fees incurred after HCRE sought to withdraw its proof of claim without determining which fees would have been avoided had the bankruptcy court accepted HCRE's with-prejudice withdrawal and imposed appropriate conditions?

## I. INTRODUCTION

The published Opinion cannot be reconciled with this Court's settled limits on inherent-power sanctions. Those limits are exacting for good reason. Before a court may invoke its inherent power, the evidence must establish subjective bad faith clearly and convincingly. On appeal, this Court must test that threshold without deference, probe the record in detail, and reach a firm conviction of an entity's subjective bad faith "without hesitancy." *Cadle Co. v. Moore (In re Moore)*, 739 F.3d 724, 729–33 (5th Cir. 2014); *Crowe v. Smith (Crowe II)*, 261 F.3d 558, 565–66 (5th Cir. 2001). And any fee award must be limited to fees that would not have been incurred but for the sanctionable conduct. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–10 (2017).

The Opinion recites those rules but does not apply them. It announces that HCRE's officers "knew" HCRE's protective proof of claim ("POC") was baseless, Op. 2, yet finds only that James Dondero filed it "***likely*** knowing it was false," Op. 9 (emphasis added). Such a "probability finding" cannot produce a conviction "without hesitancy." Worse, the Opinion's finding rests on Dondero's lack of personal diligence while ignoring undisputed evidence that another HCRE officer, Matt

McGraner, reviewed the "whole gamut" of HCRE's financial records, worked with in-house counsel, and supplied information to sophisticated bankruptcy counsel, which prepared the materially qualified claim. ROA.14919–20. *In re Moore* holds that suspicion and imputed bad faith cannot establish that an entity willfully abused the judicial process. 739 F.3d at 730–33. The Opinion's contrary approach now governs every entity litigant in this Circuit.

The Opinion's litigation-conduct findings likewise rest on material factual errors. The Opinion faults HCRE for supposedly waiting until after Highland produced 4,000 documents to seek to withdraw its POC. Op. 5, 10. But HCRE—not Highland—made the production. ROA.33. The Opinion says HCRE offered no explanation for its attempt to withdraw and refused to foreclose a future challenge. Op. 10–11. But the record shows the opposite: HCRE explained its decision when seeking to withdraw its POC and repeatedly agreed to withdraw the POC with prejudice, waive any rights to appeal, accept Highland's existing interest, and waive any future challenge based on the POC theories. ROA.2205; ROA.3297–3308. The Opinion also states that HCRE was at fault for failing to provide a proposed order to the bankruptcy court with

acceptable dismissal language. Op. 10–11. Yet again, the record belies this description: The sanctions order says that all counsel failed to reach "mutually acceptable language." ROA.35. Those are not immaterial details. They are the stated bases for finding bad faith and shifting approximately $375,000 in fees incurred after HCRE tried to end the dispute.

Panel rehearing is warranted to restore two rules of exceptional importance: (1) clear-and-convincing review cannot be satisfied by a "likely" state of mind of one officer, imputed entity bad faith, and a materially mistaken account of the record; and (2) a compensatory sanction cannot shift fees for an entire phase of litigation without asking what fees would have remained absent the misconduct. The Court should grant panel rehearing, vacate the Opinion, and reverse the sanctions award.

## II. STATEMENT OF PROCEEDINGS

In 2018, Highland Capital Management, L.P. and HCRE Partners, LLC—now NexPoint Real Estate Partners, LLC ("HCRE")—undertook "Project Unicorn," a transaction involving 26 multifamily properties. Op. 2. They formed SE Multifamily Holdings, LLC to hold the investments.

Op. 2. An amended agreement allocated 47.94% to HCRE, 46.06% to Highland, and 6% to an unaffiliated investor. Op. 2–3.

HCRE maintained that those percentages did not reflect the parties' relative economic contributions or their expectation that allocations would change as the transaction evolved. Highland's October 2019 bankruptcy transferred its control to an independent board and, according to HCRE, prevented contemplated adjustments and impeded distributions. ROA.1814–18; ROA.14923–25; ROA.14946–47.

Facing the claims bar date, HCRE filed Proof of Claim No. 146 (the "POC") in April 2020. Op. 4. The POC demanded no liquidated sum and asserted no established right to Highland's interest. ROA.1218. The POC said HCRE "may be entitled" to distributions and "may have a claim"; that HCRE had requested information "to ascertain the exact amount"; and that the process was "on-going." ROA.1218. Former Bankruptcy Judge D. Michael Lynn's firm prepared the claim and attachment. HCRE relied on outside counsel's advice that the POC was needed to preserve its interests. ROA.16815–24. McGraner—HCRE's vice president and secretary and one of the two officers coordinating Project Unicorn—reviewed the "whole gamut" of HCRE's financial records and agreements,

coordinated with in-house counsel, and directed counsel to provide information to the filing lawyers. ROA.14919–20.

Highland objected to HCRE's POC as part of an omnibus objection to 63 claims. Months later, HCRE's newly retained counsel responded to Highland's objection, arguing that the organizational documents might warrant reformation, rescission, or modification based on mutual mistake, lack of consideration, or failure of consideration. ROA.16644. The response expressly stated that HCRE needed "additional discovery" to assess those theories. ROA.16645.

After multiple rounds of discovery and separate litigation over counsel's disqualification, HCRE moved to withdraw the POC based on "the cost and uncertainty of continuing to pursue the Claim in the face of Debtor's objection." ROA.2205.

At the hearing, HCRE repeatedly agreed to disposition with prejudice, waived appeal, recognized Highland's existing interest in SE Multifamily, and waived any future challenge based on counsel's legal theories. ROA.3297–3309. The remaining disagreement concerned whether HCRE must guarantee Highland a permanently immutable 46.06% interest regardless of future events under the LLC agreement.

ROA.3305–07. The bankruptcy court invited the parties to agree on language for a proposed order granting the withdrawal, but as the bankruptcy court put it, "[a]pparently, counsel were unable to reach an agreement on the terms of an agreed order." ROA.35, n.48.

The bankruptcy court denied the withdrawal and required a November 2022 trial. ROA.35, n.48. It disallowed the claim in April 2023. ROA.19. Highland then sought inherent-power sanctions, and the bankruptcy court awarded $825,940.55, including approximately $375,000 in fees incurred after HCRE sought withdrawal. ROA.17–48. The district court affirmed. ROA.17591–97. On August 14, 2026, the panel issued a published Opinion affirming the entire award.

## III. ARGUMENT

### A. Panel rehearing is necessary to restore this Court's clear-and-convincing threshold for inherent-power sanctions

Inherent powers "must be exercised with restraint and discretion" because of their "very potency." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). This Court therefore decides "without deference" whether clear and convincing proof establishes bad faith or willful abuse. *Vikas WSP, Ltd. v. Economy Mud Products Co.*, 23 F.4th 442, 455 (5th Cir. 2022). It

must "probe the record in detail" to ensure the underlying facts legally support a bad-faith finding. *Crowe v. Smith (Crowe I),* 151 F.3d 217, 236 (5th Cir. 1998). And clear and convincing evidence must be "so direct and weighty" that it produces a "clear conviction, without hesitancy;" contradictory testimony or unclear circumstances will not suffice. *Crowe II*, 261 F.3d at 565–66.

The Opinion acknowledges each requirement. Op. 6–7. Yet its analysis conflicts with them in three related ways.

**1. An individual's "likely knowing" cannot establish subjective bad faith of an entity "without hesitancy."**

The Opinion begins with certainty: "HCRE filed a claim that its officers knew to be baseless." Op. 2. But it later concludes only that Dondero signed the claim "likely knowing it was false." Op. 9. "Likely" describes probability. But the "without hesitancy" standard requires a firm conviction. *See Crowe II*, 261 F.3d at 565–66. The two formulations cannot be squared.

Inherent-power sanctions require subjective bad faith, not negligence, inadequate diligence, or a claim that later fails. *In re Moore*, 739 F.3d at 729–33. The Opinion principally relies on Dondero's inability,

more than two years after filing, to recall personally reviewing documents or performing due diligence before outside counsel affixed his electronic signature. Op. 8. At most, that supports an inference about Dondero's personal diligence. It does not establish that HCRE ***as an entity*** knew its qualified claim was false.

The Opinion relies on November 2022 testimony that the amended LLC agreement correctly stated the percentages when executed (undermining a legal claim for reformation). Op. 8–9. But the April 2020 POC did not allege a mutual mistake or demand reformation. It said HCRE "may" possess a claim, had requested information to determine its amount, and was continuing to investigate. ROA.1218. The more specific reformation theories came months later, through counsel, and remained expressly subject to discovery. ROA.16644–45. Testimony defeating those later theories does not clearly and convincingly establish HCRE knew its qualified protective filing was "baseless" years earlier. A claim's ultimate failure is not evidence of the claimant's subjective bad faith when filed. *See Vikas*, 23 F.4th at 455–57.

Nor does HCRE's motive to protect its perceived economic interest supply the missing proof. *See* Op. 9 (citing HCRE's "aiming to shield SE

Multifamily's assets from Highland's creditors" as evidence of bad faith). Litigants routinely file claims to protect their economic interests. Treating that objective as an "ulterior motive" presupposes that HCRE knew its contingent claim was false—the very proposition requiring clear and convincing proof. Such circular reasoning cannot support the awarded sanctions, as this Court previously recognized. *See, e.g.*, *In re Moore*, 739 F.3d at 729–33.

In *In re Moore*, facts that justified scrutiny and created suspicion did not clearly and convincingly establish the corporate creditor itself acted in bad faith. 739 F.3d at 729–33. The Court emphasized that "imputed bad faith" and suspicion could not substitute for proof that the entity willfully abused the process. *Id.* at 733.

*Maguire Oil Co. v. City of Houston* likewise reversed an entity-level inherent-power sanction because imputed organizational knowledge and negligent internal coordination did not prove deliberate misconduct. 143 F.3d 205, 209–12 (5th Cir. 1998). And *Vikas* refused to affirm on suspicion, unsupported facts, or findings the appellate court would have to make itself. 23 F.4th at 455–58.

Despite this precedent, the published Opinion creates the opposite rule: A court may treat one officer-signatory's lack of personal investigation, coupled with later testimony defeating a later-developed merits theory, as clear and convincing proof of the entity's contemporaneous bad faith. That rule exposes every corporation, partnership, and other entity to inherent-power sanctions whenever one signatory delegates investigation to other managers and counsel. It also collapses the distinction between a losing claim and a knowingly false one. The panel should rehear this appeal to bring the Opinion back into line with *In re Moore*, *Vikas*, and *Maguire*.[1]

**2. The Opinion does not address the entity-level investigation that defeats an inference of bad faith.**

McGraner was HCRE's vice president and secretary and was among the officers managing Project Unicorn. Before filing, McGraner reviewed the "whole gamut" of HCRE's financial records and agreements. ROA.14919–20. He communicated with in-house counsel and directed

[1] Other circuits likewise reject the premise that lack of merit, without more, establishes bad faith. *See BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 753 (6th Cir. 2010) ("something more than that a party knowingly pursued a meritless claim or action" is required); *see also Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007) ("something more than a lack of merit is required").

counsel to convey information to and discuss the potential claim with outside bankruptcy counsel. ROA.14919–20. That outside firm, led by former Bankruptcy Judge Lynn, prepared the claim and its attachment. ROA.14888; ROA.14919. Both Dondero and McGraner testified that HCRE relied on outside counsel's advice that a protective filing was necessary. ROA.16815–24.

The Opinion does not mention this evidence. It instead moves directly from Dondero's lack of personal review to the entity's subjective bad faith. Op. 8–9. But a de novo, probing review required by binding Fifth Circuit precedent, *see In re Moore*, 739 F.3d at 729–33, *Crowe I,* 151 F.3d at 236, cannot disregard direct evidence of what the sanctioned entity ***actually did*** before filing. At minimum, that evidence creates the kind of unclear circumstances and contradictory proof that cannot yield a finding of bad faith "without hesitancy." *See Crowe II*, 261 F.3d at 565–66.

To be clear, this is not an argument that an officer's knowledge can never be attributed to an entity, or that later testimony can never illuminate earlier intent. It is narrower. A court cannot find an entity's subjective bad faith clearly and convincingly by treating one signatory's

lack of personal diligence and later merits testimony as dispositive while omitting direct evidence that the entity's other manager and counsel investigated and prepared a claim that disclosed its contingent and ongoing nature.

### 3. The Opinion did not probe the record under the required standard.

The Opinion separately finds bad faith from HCRE's attempted withdrawal. But each material premise upon which the Opinion relies in this regard is contradicted by the cited record.

First, the Opinion twice says HCRE moved to withdraw one day after Highland produced 4,000 documents, treating the timing and receipt of production as suspicious. Op. 5, 10. Respectfully, the Opinion is wrong. Neither the sanctions order nor the record supports the Opinion's mistake.

"***NexPoint/HCRE*** [not Highland] made a supplemental production of more than 4,000 pages" and moved to withdraw the next day. ROA.33 (sanctions order, emphasis added). The record repeatedly bears this out. *See, e.g.*, ROA.2232 ("HCRE made a supplemental production of over 4,000 documents"); ROA.2663–64 ("HCRE produced over 4,000 documents"); ROA.2696; ROA.17507. Even Highland's counsel

acknowledged that, "[a]t 4:00 on the 9th, HCRE produced over 4,000 pages of documents." ROA.16772 (Sep. 12, 2022, hearing transcript). HCRE's discovery compliance cannot support the Court's bad faith inference drawn from Highland's supposed production.

Second, the Opinion says HCRE offered no cogent explanation for its attempt to withdraw its POC. Op. 10. To the contrary, HCRE's motion to withdraw stated that, after consulting outside counsel, HCRE acted based on the cost and uncertainty of continuing to litigate Highland's objection. ROA.2205. These are routine reasons for seeking to terminate the prosecution of a claim in litigation. Counsel also explained that the feared consequences of Highland's bankruptcy for SE Multifamily had not materialized. ROA.3270. While the panel could reject those explanations, it could not rightly omit them from its analysis to support its conclusion that no explanation existed.

Third, the Opinion says HCRE refused to rule out a future challenge and "squandered" an opportunity to protect Highland. Op. 11. The hearing transcript, which the Opinion does not cite, shows the opposite. HCRE repeatedly agreed to withdraw its POC with prejudice, waived appeal, accepted Highland's existing interest subject to the LLC

agreement, and waived any challenge based on mistake, lack of consideration, or failure of consideration. ROA.3297–3308.

The record could not be clearer. HCRE sought a withdrawal that "essentially says they [Highland] win. . . . So the proof of claim is resolved in their favor except we're withdrawing it instead of going through all of the exercise to get a hearing." ROA.3271 at 7:4–9, *see also* ROA.3295 at 31:1–4 ("we've already said the [c]ourt should allow us to withdraw the proof of claim and condition it with prejudice"). Further, HCRE's counsel told the court, "to the extent the [c]ourt wishes to condition it, condition it ***with prejudice***." ROA.3271 at 7:19–20 (emphasis added).

If that were not enough, the following exchanges make even clearer HCRE sought to dismiss its POC with prejudice:

> The Court: . . . .Would you agree to a condition on the withdrawal of your proof of claim that . . . your client waives any right in the future to challenge that interest?
>
> . . .
>
> Mr. Gameros: ***Your Honor, we'd agree with that.***
>
> Mr. Morris: Your Honor, I'm sorry to interrupt, but a waiver of any appeal too. . . . And what the debtor needs in order to avoid legal prejudice is the complete elimination of any uncertainty that it owns 46.06 percent of SE Multifamily. . . .
>
> Mr. Gameros: ***Your Honor, we'll agree to it.***

> The Court: . . . this is such a big deal I really need a client representative to say that. . . .

ROA.3296–97 at 32:25–34:5 (emphasis added). After the bankruptcy court recessed so HCRE's counsel could obtain client representative testimony, HCRE's representatives agreed to the same conditions:

> Q: Mr. Dondero, on behalf of HCRE, ***do you agree as a condition for withdrawing the proof of claim that HCRE will not challenge the estate's ownership or equity interest in SE Multifamily subject to the company agreement***?
>
> A: ***Yes***.
>
> Q: Do you agree that you will not appeal and that, therefore, HCRE is waiving any appeal right to that determination as a condition of withdrawing the proof of claim?
>
> A: Yes.

ROA.3304 at 40:8–17 (emphasis added).

> Q: ***And you agree to an order denying the proof of claim with prejudice. Correct?***
>
> A: ***Yes.***
>
> Q: ***And can you agree that HCRE will not challenge the equity ownership of its member in SE Multifamily of the estate?***
>
> A: ***Yes.***

ROA.3308 at 44:1–44:6 (emphases added). The only thing HCRE could not do was freeze Highland's percentage forever despite future capital

calls or other events contemplated by the agreement, which does nothing to undermine HCRE's repeated attempts to dismiss its POC with prejudice. ROA.3305–07.

Finally, the Opinion says HCRE ignored an order to confer and failed to submit proposed withdrawal language. Op. 10–11. But the bankruptcy court found only that "counsel were unable to reach an agreement" on "mutually acceptable language." ROA.596–97 n.48. The Opinion identifies no finding that HCRE refused to confer or disobeyed an order.

These errors supply the Opinion's stated basis for finding the withdrawal sought was a pure act of gamesmanship. But a particularly probing review, *see Crowe I,* 151 F.3d at 236, would have found that HCRE (not Highland) produced the 4,000 documents at issue. A probing review would not ignore the movant's stated explanation and concessions, nor would it transform both parties' failure to agree into one party's bad faith. Left as published, the Opinion reduces this Circuit's "clear and convincing" review to ordinary sufficiency review whenever a court distrusts a litigant's motives.

### B. The Opinion's award of fees for litigation after HCRE sought to withdraw its claim conflicts with *Goodyear* and *Highland III*.

The Opinion independently warrants panel rehearing because it permits a bankruptcy court to shift an entire phase of fees without applying the required but-for causation. A fee-shifting sanction is compensatory only if the court establishes a causal link between misconduct and the fees awarded. *Goodyear*, 581 U.S. at 108–10. The court may shift "only those attorney's fees incurred because of the misconduct at issue." *Id.* at 109. Thus, it must compare actual fees with the fees that would have been incurred absent the misconduct, ordinarily expense-by-expense or phase-by-phase. *Id.* at 109–11. An entire phase may be shifted only when all fees in that phase share the required causal link. *Id.*

This Court applied the rule in this very bankruptcy. In *Charitable DAF Fund, L.P. v. Highland Capital Management, L.P. (Highland III)*, this Court held that if Highland would have incurred an expense regardless of whether the litigant followed proper procedure, then Highland suffered no incremental harm and the expense could not be shifted. 98 F.4th 170, 175–77 (5th Cir. 2024). A bankruptcy court cannot

"seize on" a litigation error and "leverage it into a punitive proceeding." *Id*. at 176.

The Opinion does not perform that analysis. It assigns approximately $375,000 in post-withdrawal fees to HCRE because "HCRE's failure to propose withdrawal language caused the denial" and because only a merits judgment supplied an "ironclad" all-forums bar. Op. 12–13. Neither premise survives the record.

As noted, HCRE repeatedly agreed on the record to withdraw with prejudice, waive appeal, recognize Highland's existing interest, and abandon any future challenge based on the proof-of-claim theories. ROA.3297–3308. Bankruptcy Rule 3006(b) authorized the bankruptcy court to impose terms protecting Highland. And disposition with prejudice operates as a final judgment on the merits, precluding later litigation arising from the same claim. *United States v. Kellogg (In re West Texas Marketing Corp.)*, 12 F.3d 497, 500–02 (5th Cir. 1994); *Derr v. Swarek*, 766 F.3d 430, 441 (5th Cir. 2014). The panel itself recognizes that final adjudication of a proof of claim has preclusive effect. Op. 12–13. That should have sufficed.

The actual disagreement between HCRE and Highland was whether an agreed order should guarantee Highland a 46.06% interest in perpetuity notwithstanding future events governed by the LLC agreement. ROA.3305–07. Even after trial, Highland received no such perpetual guarantee. The disallowance order neither freezes Highland's percentage nor grants relief beyond disallowing the claim. ROA.11674–78. And the lower court found only that both sides failed to reach mutually acceptable withdrawal language. ROA.596–97.

Thus, the question is: what fees would Highland have incurred if the bankruptcy court had imposed appropriate conditions and dismissed the claim with prejudice on the concessions HCRE made? The Opinion never asks that question. It instead assumes every post-withdrawal fee resulted from HCRE's misconduct because HCRE did not accept Highland's preferred formulation. That is a temporal approach, not a causal one. *See Goodyear*, 581 U.S. at 113–15.

At a minimum, *Goodyear* required the court to identify which post-withdrawal work was necessary to obtain protection beyond a properly conditioned dismissal and which work resulted from the bankruptcy court's decision to force the claim through discovery and trial. *Highland*

*III* required subtraction of fees that Highland would have incurred under the lawful alternative. 98 F.4th at 175–77. By affirming sanctions for the entire post-withdrawal phase without that allocation, the Opinion converts a supposedly compensatory award into punishment—an improper exercise of inherent sanctions authority. *Id.*

The Opinion thus conflicts with *Goodyear* and *Highland III* by shifting every post-withdrawal fee without testing whether a conditioned dismissal would have provided the same protection. Panel rehearing is necessary to restore the line between compensation and punishment.[2]

## IV. CONCLUSION

The Court should grant panel rehearing, withdraw the Opinion, reverse the district court's judgment, and vacate the sanctions order. At minimum, the Court should vacate the post-withdrawal portion of the award and remand for the causation analysis required by *Goodyear* and *Highland III*.

[2] The Opinion also relies on HCRE's opposition to Highland's motion to disqualify Wick Phillips. Op. 5, 9–10. But the bankruptcy court awarded no fees incurred in that dispute. Op. 12, n.2. HCRE's position on disqualification therefore cannot establish the required causal connection between HCRE's supposed bad-faith conduct and the fees awarded.

Dated: August 28, 2026

Respectfully Submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

*/s/ Amy L. Ruhland*

Amy L. Ruhland
Texas Bar No. 24043561
amy.ruhland@pillsburylaw.com
Benjamin Bernell
Texas Bar No. 24059451
ben.bernell@pillsburylaw.com
401 W 4th Street, Suite 3200
Austin, TX 78701
Tel.: (512) 580-9600

Michael Burrage, OBA No. 1350
WHITTEN BURRAGE
512 N. Broadway Ave., Ste. 300
Oklahoma City, OK 73102
T. (405) 516-7800
F. (405) 516-7859
mburrage@whittenburragelaw.com

*Attorneys for NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC)*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 28, 2026, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ Amy L. Ruhland*
Amy L. Ruhland

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the type-volume limitations of Federal Rule of Appellate Procedure 40(d)(3) as it contains 3774 words, excluding the portions of the document exempted by Rule 32(f).

I further certify that this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

*/s/ Amy L. Ruhland*
Amy L. Ruhland