**No. 25-11185**

# United States Court of Appeals for the Fifth Circuit

IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., *Debtor*,

NEXPOINT REAL ESTATE PARTNERS, LLC (F/K/A HCRE PARTNERS, LLC)
*Appellant*,

v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,
*Appellee*.

On Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
Case No. 3:24-cv-01479-S

**APPELLANT'S MOTION TO RECONSIDER THE TIMELINESS DETERMINATION AND RECALL THE MANDATE FOR *EN BANC* CONSIDERATION**

Michael Burrage
WHITTEN BURRAGE
mburrage@whittenburragelaw.com
512 N. Broadway Ave., Suite 300
Oklahoma City, OK 73102
Tel.: (405) 516-7800

*Counsel for Appellant NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC)*

## CERTIFICATE OF INTERESTED PERSONS

No. 25-11185, NexPoint v. Highland

The undersigned certifies that the following persons and entities have an interest in this case, so that the judges may evaluate possible recusal or disqualification.

**Appellant:** NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC).

**Counsel for Appellant in this Court:** Amy L. Ruhland, Benjamin L. Bernell, and Ryan J. Sullivan; Pillsbury Winthrop Shaw Pittman LLP. Michael Burrage; Whitten Burrage.

**Counsel for Appellant in the district court:** Amy L. Ruhland; Pillsbury Winthrop Shaw Pittman LLP. Charles W. Gameros Jr. and Douglas Wade Carvell; Hoge & Gameros, LLP.

**Appellee:** Highland Capital Management, L.P.

**Counsel for Appellee:** John A. Morris, Jeffrey N. Pomerantz, Gregory V. Demo, Jordan A. Kroop, and Hayley R. Winograd; Pachulski Stang Ziehl & Jones LLP. Zachery Z. Annable and Melissa S. Hayward; Hayward PLLC.

*/s/ Michael Burrage*
Michael Burrage
Counsel of Record for Appellant

Appellant NexPoint Real Estate Partners, LLC, formerly known as HCRE Partners, LLC ("HCRE"), respectfully moves under Federal Rule of Appellate Procedure 27 and, to the extent applicable, Fifth Circuit Rule 27.1 for reconsideration of the determination that HCRE's petition for rehearing *en banc* was untimely, as communicated in the Clerk's October 2, 2026 letter. HCRE also requests recall of the mandate under Fifth Circuit Rule 41.2 for the limited purpose of considering that petition. The Clerk's letter is attached as Exhibit A.

The panel entered a substituted opinion on September 16, 2026. Dkt. 74-1 at 1. HCRE submitted its petition on September 30, the fourteenth day after that decision. The petition expressly invoked Rule 40(d)(1) and requested recall of the mandate as necessary for its consideration. Pet. for Reh'g *En banc* 5, 18 (Sept. 30, 2026). HCRE respectfully asks the Court to consider the following three points.

## I. Rule 40 supplies fourteen days after an amended decision without an exception for an early issuing of the mandate.

Rule 40(d)(1) allows a petition for panel rehearing or rehearing *en banc* "within 14 days after the amended decision is entered" when a panel amends its decision, including on rehearing. The rule permits that period

to be shortened or extended by order or local rule. Fifth Circuit Rule 40.2.4 adopts the federal deadline. Computed under Rule 26(a)(1), the period to file an *en banc* petition following the September 16 substituted opinion ended September 30, 2026, given there was no shortening or extending of the period.

The 2024 Advisory Committee Note confirms that the amendment affords a new filing period after a panel amends its decision. Fed. R. App. P. 40 advisory committee's note to 2024 amendment, subdivision (d). That provision applies here because the panel withdrew its earlier opinion and substituted a new one when it denied panel rehearing. Dkt. 74-1 at 1.

HCRE recognizes the Court's authority to accelerate the mandate under Rule 41(b). The September 16 opinion, however, contains no direction shortening the new rehearing period. HCRE respectfully submits that issuance of the mandate, standing alone, should not be treated as an unstated exception to Rule 40(d)(1). For one, the rule does not condition its fourteen-day period on the mandate remaining unissued.

The Committee Note also recognizes both shortening the rehearing period under Rule 40 and accelerating the mandate under Rule 41 as means of avoiding further delay. Fed. R. App. P. 40 advisory committee's note to 2024 amendment, subdivision (f). HCRE does not question that authority. Its narrower submission is that an effective mandate and an expired filing deadline are distinct matters. Rule 41(c) gives the mandate effect upon issuance; recall addresses that effect. HCRE asks the Court to resolve the filing deadline under Rule 40 and the requested recall under the standards governing recall.

## II. The petition expressly requested recall for *en banc* consideration.

HCRE addressed the mandate in the petition itself. After explaining the new Rule 40(d)(1) period, the petition stated:

> "Because the mandate issued before the new rehearing period expired, HCRE respectfully requests that the Court recall the mandate as necessary to consider this petition."

Pet. for Reh'g *En banc* 5. The conclusion repeated the request to recall the mandate as necessary to consider the timely petition. *Id.* at 18. Thus, the petition sought the procedural relief needed to permit consideration after the mandate had issued. If that request needed to be

presented by separate motion, HCRE respectfully asks the Court to treat this motion as that request and permit the petition to proceed.

This Court has used recall for that limited purpose. In *Janvey v. GMAG, L.L.C.*, the Court denied rehearing *en banc*, substituted a new opinion, and issued its mandate. Fourteen days later, the litigants submitted another rehearing petition. The Court explained: "We RECALL the mandate in order to rule on the petition." *Janvey v. GMAG, L.L.C.*, 113 F.4th 505, 507 (5th Cir. 2024). The Court then denied rehearing. *Id.* Although *Janvey* preceded the 2024 amendment to Rule 40, it illustrates that recall may permit consideration of a petition without committing the Court to grant rehearing.

HCRE acknowledges that recall is extraordinary and must be justified by the need to prevent injustice. 5th Cir. R. 41.2; *Calderon v. Thompson*, 523 U.S. 538, 549–50 (1998). Here, the mandate issued on the same day as the substituted opinion, and HCRE requested recall within the ensuing fourteen-day period. Dkt. 75-2; Pet. for Reh'g *En banc* 5. The requested relief would preserve the opportunity to present that petition for consideration. HCRE respectfully submits that this unusual

sequence, its prompt request, and the express amended-decision provision warrant that limited exercise of the Court's discretion.

## III. Recall for *en banc* consideration is distinct from the denied stay pending *certiorari*.

HCRE previously moved to recall and stay the mandate pending Supreme Court review. Dkt. 78. The Court denied that request. HCRE does not seek reconsideration of that ruling through this motion.

The two requests serve different purposes. The earlier motion sought relief pending a petition for *certiorari* under Rule 41(d), which requires a substantial question and good cause for a stay. The request at issue here seeks recall so that this Court may consider a petition submitted within the period following its substituted opinion. Its basis is the renewed Rule 40 opportunity and the Court's authority under Fifth Circuit Rule 41.2 to prevent injustice. HCRE respectfully submits that denial of relief pending *certiorari* should not foreclose consideration of this distinct request for recall to permit *en banc* review.

The requested recall would last only as necessary for disposition of the *en banc* petition and reissuance of the mandate under Rule 41. It would not revive the denied request for a stay pending *certiorari*. HCRE asks only that the September 30 petition receive the consideration

available under the applicable rules, with the Court retaining full authority to determine whether rehearing is warranted.

If the Court intended its prior action to shorten the renewed rehearing period, HCRE alternatively requests leave under Rules 26(b) and 40(d)(1) to accept the petition already tendered. Counsel relied on the express amended-decision provision, submitted the petition within its ordinary period, and included the request for recall in that submission. HCRE seeks reconsideration promptly after the October 2 letter and requests no additional time to prepare a petition. HCRE respectfully submits that these circumstances provide good cause and the most compelling reasons contemplated by Fifth Circuit Rule 40.2.4.

## CONCLUSION

HCRE respectfully requests that the Court reconsider the October 2 timeliness determination, direct that the September 30 petition be accepted as timely or grant leave to accept it, and recall the mandate for the limited purpose of considering the petition for rehearing *en banc*. HCRE further requests that the mandate be reissued in accordance with Rule 41 following disposition of the petition.

Dated: October 7, 2026
Respectfully submitted,
*/s/ Michael Burrage*

Michael Burrage, OBA No. 1350
WHITTEN BURRAGE
512 N. Broadway Ave., Suite 300
Oklahoma City, OK 73102
Telephone: (405) 516-7800
mburrage@whittenburragelaw.com

*Counsel for Appellant NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC)*

## CERTIFICATE OF CONFERENCE

I certify that on October 7, 2026, Michael Burrage, counsel for HCRE, conferred by email with counsel for Highland regarding this motion. John A. Morris, counsel for Highland, responded that Highland opposes the relief requested and intends to file a written opposition.

*/s/ Michael Burrage*
Michael Burrage

## CERTIFICATE OF SERVICE

I certify that on October 7, 2026, this motion was served through the Court's CM/ECF system on all counsel of record registered to receive electronic service in this appeal.

*/s/ Michael Burrage*
Michael Burrage

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,120 words, excluding the portions exempted by Rule 32(f) and the accompanying exhibit. It complies with Rules 27(d)(1)(E) and 32(a)(5)–(6) because it uses a proportionally spaced 14-point Century Schoolbook typeface.

*/s/ Michael Burrage*
Michael Burrage

# EXHIBIT A

Clerk's Letter dated October 2, 2026

***United States Court of Appeals***

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**THOMAS B. PLUNKETT, III**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

October 02, 2026

No. 25-11185 NexPoint v. Highland
USDC No. 3:24-CV-1479

Dear Counsel,

We received the appellant's petition for rehearing en banc. Because it is untimely, we are taking no action on it.

Sincerely,

THOMAS B. PLUNKETT, III, Clerk

By: Rebecca Jeanfreau
Rebecca L. Jeanfreau, Deputy Clerk
504-310-7645

cc: all counsel